UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY CRAIG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04037-JRS-DLP |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Larry Craig petitions for a writ of habeas corpus challenging a prison

disciplinary sanction imposed in disciplinary case number WVE 16-12-0042. For the reasons

explained in this Order, Mr. Craig's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

### B.      The Disciplinary Proceeding

On December 15, 2016, Indiana Department of Correction (IDOC) Correctional Officer N. McKinney wrote a Report of Conduct charging Mr. Craig with assault on staff, a violation of the IDOC's Adult Disciplinary Code offense A-117. The Report of Conduct states:

> On 12-15-16 at approximately 10:22 AM, I c/o N. McKinney responded to FHU R/U for assistance. Upon entering the fire door I, c/o N. McKinney witnessed Sgt. J. Shroyer apply a one second burst of O.C. to the targeted area of offender Craig, Larry #956703 and Offender Craig tried to punch Sgt. J. Shroyer, C/O R. Yarber and I, C/O N. McKinney tried to gain control of offender Craig, Larry #956703. That's when offender Craig struck me on the left side of my face with a closed fist.

Dkts. 1-3, 7-1.

Mr. Craig was notified of the charge on September 1, 2019, when he received the Screening Report. Dkt. 7-2. He pled not guilty to the charge, asked for four witnesses, and asked for the medical records for and photographs of Officer McKinney's injuries. *Id.*

A hearing was held on April 10, 2019. Mr. Craig's hearing statement was "I did not do it." Dkt. 7-7. The hearing officer also considered staff reports, a video of the incident, a confidential report about Officer McKinney's injuries, witness reports, and IDOC Offender Information System data and found Mr. Craig guilty of an assault on staff. *Id.* The sanctions imposed included one-hundred eighty days earned-credit-time deprivation and a credit class demotion. *Id.* The nature and seriousness of the violation, and the degree to which it disrupted the security of the facility were the reasons listed by the hearing officer for the severity of the sanctions. *Id.*

Mr. Craig appealed to the Facility Head, dkt. 7-10, and the IDOC Final Reviewing Authority, dkt. 7-11, but both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.      Analysis

This habeas corpus action concerns alleged due process violations occurring at Mr. Craig's third disciplinary hearing on the 2016 event. His first two hearings were overturned on administrative appeals, and a third hearing was conducted on April 10, 2019. *See* dkt. 1 at 8. Mr. Craig argues that at the third disciplinary hearing he was (1) denied a fair and impartial decision maker; (2) denied witness statements; (3) convicted of the offense without sufficient evidentiary support; (4) denied a continuance to prepare his defense; (5) denied video evidence; (6) not provided a written statement of reasons for being convicted and sanctioned; (7) convicted of an offense that was changed to fit the evidence, and (8) improperly assessed $271 in restitution without evidentiary support. Dkt. 1 at 8-17.

### 1.      Ground 1

In considering Mr. Craig's contention that the hearing officer was not impartial, the Court starts its review with the principle that hearing officers "are entitled to a presumption of honesty and integrity" absent *clear evidence* to the contrary and "thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Mr. Craig alleges that the hearing officer "was extortive and submissive in the way he viewed the video [of the incident]." Dkt. 1 at 8. To this end, Mr. Craig argues that because the hearing officer does not have expertise in interpreting body language, his characterization that the video evidence showed Mr. Craig's "body language and movements were aggressive" was racially discriminatory and clearly biased. *Id.*

The Court disagrees. Drawing conclusions and interpreting evidence are tasks that hearing officers are charged with making, and the fact that the conclusions made were adverse to Mr. Craig does not mean they were biased or racially motivated. *See Liteky v. United States*, 510 U.S. 540,

555 (1994) ("judicial rulings alone almost never constitute a valid basis for [demonstrating] bias or partiality"). This Court's review of the video evidence, dkt. 15, reveals nothing to suggest that the hearing officer's characterizations and conclusions were racially motivated, reveal an improper bias, or are even erroneous.

Mr. Craig next contends that Sgt. Miller and the screening officer were at the hearing and urged the hearing officer to find Mr. Craig guilty. Dkt. 1 at 8. This, he contends, demonstrates the hearing officer was biased. *Id.* There is no evidence in the record now before the Court to show that others were present at the hearing or that they urged the hearing officer to find Mr. Craig guilty. Assuming the truth of the assertion, however, it still does not provide a basis for habeas corpus relief. Decision makers often hear opposing arguments in reaching their decisions. Doing so is not bias. There is no suggestion that the hearing officer is related to one of these individuals, or was substantially involved in the operative incident, or investigated the incident. *See Piggie*, 342 F.3d at 667.

The last reason provided by Mr. Craig in his argument that the hearing officer was biased is that the hearing officer did not dismiss the conduct report after his two other convictions on the disciplinary charge had been vacated. Dkt. 1 at 9. There is no prohibition in prison disciplinary cases against successive prosecutions from the same event. *See Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004) (constitutional double jeopardy prohibition does not attach to prison disciplinary matters); *Singleton v. Page*, 202 F.3d 274 (7th Cir. 1999) (same).

Habeas corpus relief on Mr. Craig's first ground is **denied**.

### 2.    Ground 2

Mr. Craig's second ground for relief concerns witness statements he asked for that were not provided. Dkt. 1 at 9. At screening, Mr. Craig asked for witness statements from Offender Wesley

Young, Offender Greenburg, the offender who was in cell AS 108 at the time of the event, and Correctional Officer Berrick. The witnesses were to provide statements as to whether Mr. Craig was maced, how long he was maced, and why he was maced. Dkt. 7-2. None of the witness statements could be obtained.

When the screening officer looked for Offender Young, he was found to have been discharged and IDOC officials had no address for him. Dkt. 7-5 at 4. As for the offender housed in cell AS 108, there was no such cell number in the unit where the event occurred. *Id.* at 2. When the screening officer tried to contact Officer Berrick, she learned that no such officer had ever been employed at Wabash Valley Correctional Facility. *Id.* at 3.

Mr. Craig did not know Offender Greenburg's first name. Dkt. 7-2. The screening officer searched the IDOC Offender Information System and found only five offenders with that last name. None of them had been at Wabash Valley at the time of the event. Dkt. 7-5 at 1.

Mr. Craig argues that he gave the correct witness names to the screening officer but that she wrote them down incorrectly. Dkt. 19 at 9. Although Mr. Craig's signature appears on the screening report containing the names and spellings discussed above, dkt. 7-2, the issue is moot because any error here is harmless.

All four of these witnesses were sought by Mr. Craig to provide evidence about his having been sprayed with mace by correctional officers. This evidence is irrelevant to the question of whether Mr. Craig struck Officer McKinney in the head or face, violating the IDOC Adult Disciplinary Offense of assault on staff, because there is no defense of self-defense in prisoner cases. The Seventh Circuit has repeatedly held that there is no constitutional right to self-defense in a prison disciplinary matter. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs*, 485 F.3d at 938-39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994). Because Mr. Craig

could not have successfully asserted the defense of self-defense, any error in locating witnesses and obtaining their statements is harmless. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (applying harmless error doctrine to prison disciplinary habeas corpus proceedings).

Habeas corpus relief on ground two of the petition is **denied**.

### 3.    Ground 3

The third ground for relief asserted by Mr. Craig is that there was insufficient evidence to convict him of assault on staff. Dkt. 1 at 11. Specifically, he contends the evidence is not reliable. *Id.* Because the original conduct report did not indicate that physical evidence was present, Mr. Craig asserts that the video evidence and other officers' statements are thus unreliable. *Id.* Also, Mr. Craig asserts that because IDOC policy required physical evidence to be listed on report forms, all unlisted evidence is unreliable and should not be considered. *Id.*

When IDOC officials violate or fail to follow state laws or agency procedures, without more, no federal constitutional violation has occurred. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see*

*also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

As to the primary thrust of this ground for relief, challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The video evidence, dkt. 15, is "some evidence" supporting the hearing officer's decision. The video shows Mr. Craig exiting a shower and approaching officers. One of the officers sprays Mr. Craig in the face and a struggle then ensues. Officer McKinney is seen entering the video from the bottom of the screen and assisting two other officers trying to restrain Mr. Craig against a wall. At this point Mr. Craig is seen thrashing about and Officer McKinney's head bobs backwards, recoiling from being struck. *Id.* This alone supports the hearing officer's decision.

There is more evidence, such as the photograph of Officer McKinney's head, clearly showing an injury to the left side of his face, dkt. 8, and statements from the three other officers present, dkt. 7-9 at 1-3. None of the other evidence casts doubt on what can be seen in the video. But even if the other evidence was not consistent with the video, the Court does not re-weigh evidence or assess credibility. *See Rhoiney*, 723 F. App'x at 348 (court not permitted to reweigh

evidence in prison disciplinary cases); *Calligan v. Wilson* , 362 F. App'x 543, 545 (7th Cir. 2009) (same) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941).

Because there is "some evidence" to support the hearing officer's decision, Mr. Craig's third ground for habeas corpus relief is **denied**.

### 4. Ground 4

Mr. Craig contends he was denied a continuance to prepare his defense. He asked for a continuance at the disciplinary hearing when the hearing officer "submitted new evidence" with the video recording of the event, photographs (presumedly of Officer McKinney's injury). Bypassing whether these items would be "new evidence," the issue is what advance notice was Mr. Craig entitled to under the federal constitution for a disciplinary hearing.

All that constitutional due process requires is that the prisoner be given written notice of the substance of the charge at least 24-hours in advance of the hearing so that he may marshal facts and prepare a defense. *Wolff*, 418 U.S. at 564. By providing at least 24-hours advance notice, the prisoner has all of the information necessary to prepare his defense to the charge. *Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003); *accord Moshenek v. Vannatta*, 74 F. App'x 639, 641 (7th Cir. 2003). Decidedly absent from these pronouncements is any due process right – in the prison disciplinary context – to advance notice of the evidence that authorities intend to present at the hearing.

Mr. Craig was screened and received notice of the factual basis for the charge (for the third time) on April 1, 2019. Dkt. 7-2. The third disciplinary hearing was held on April 10, 2019. Dkt. 7-7. Mr. Craig had well more than 24-hours' notice of the third disciplinary hearing and ample time to marshal the facts and present his defense. There was no due process violation when the hearing officer declined to give Mr. Craig a continuance of the hearing.

The fourth ground for habeas corpus relief is **denied**.

     **5.**       **Grounds 5, 6, 7, & 8**

The respondent argues that Mr. Craig did not present the fifth, sixth, seventh, and eighth grounds for relief during his administrative appeals. Dkt. 7 at 8-9. Mr. Craig conceded as much in his petition when he asserted that he had not presented these grounds in his administrative appeals because "[he] was unaware [that] these issues violated [his] due process rights." Dkt. 1 at 4, ¶ 13. Mr. Craig asserts in his reply that he exhausted all remedies that he could while being on lockdown, and that he was able to visit the law library just one time to research exhaustion issues. Dkt. 19.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat,* 288 F.3d at 981. Mr. Craig presented his first four grounds for habeas corpus relief in his administrative appeals but omitted the last four because he did not believe they were due process issues. The time for pursuing administrative appeals has passed, and therefore these grounds are procedurally defaulted. Not realizing that a ground for relief presents a due process issue is not sufficient cause to excuse the default. *See Davilia v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("cause" is something external to the petitioner that impedes his efforts to raise the issues for exhaustion).

Because of procedural default, habeas corpus relief on grounds five, six, seven, and eight is **denied**.

### D.      Mr. Craig's Motion to Unseal Exhibits

On January 14, 2020, Mr. Craig moved to lift the seal on the exhibits filed *ex parte*. Dkt. 18 (referring to dkts. 8, 9, 10, 11, 12, & 15). The Court denied the motion without prejudice and stated it would assess, during the merits review of the petition, whether the exhibits should be disclosed to Mr. Craig or remain under seal. Dkt. 20. The Court has reviewed the exhibits and finds that they should remain under seal. The Court discerns no exculpatory value in the contents of the exhibits, and prison officials are justified in their request to maintain the exhibits under seal. The Order denying the motion to lift the seal remains in effect.

### E.      Conclusion

None of the procedurally exhausted four grounds for habeas corpus relief presented by Mr. Craig have merit. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the underlying event, and there was no constitutional infirmity in the proceeding which entitles Mr. Craig to the relief he seeks. Accordingly, Mr. Craig's petition for a writ of habeas corpus is **denied** and this action dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/19/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry Craig
956703
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Natalie Faye Weiss
Indiana Attorney General
natalie.weiss@atg.in.gov